# Hovis v. Pryor

*David C. Cleaver,* for plaintiff.

*David A. Wion,* for defendant Borough of Steelton Civil Service Commission.

*Daniel W. Long,* for defendants Pryor and Borough of Waynesboro.

EPPINGER, *P.J.,* April 17, 1978—On April 2, 1976, petitioner, Richard L. Hovis (Hovis), applied for a position of Patrol Officer for the Borough of Steelton. The Civil Service Commission for the Borough of Steelton (Commission), as part of the application process, sent a request for background

investigatory information on Hovis to his former employer, the Borough of Waynesboro Police Department. Information of Hovis was provided by Chief of Police Donald R. Pryor (Pryor) by a letter dated April 22, 1976. Hovis was not placed on the eligible list.

Hovis instituted a defamation suit against Pryor and the Borough of Waynesboro. During pre-trial discovery, the Commission was asked to provide Hovis with the information received from the borough, specifically Pryor's letter. The Commission refused, claiming that the information sought was privileged under Pa.R.C.P. 4011(c) and not discoverable. The question of the discoverability of this letter is now before the court on a rule to show cause.

It is the Commission's position that public policy requires that investigatory information must be privileged information to insure that candid replies will be received concerning job applicants' qualifications. Hovis presents three arguments supporting disclosure of the letter. He argues that Federal law would support a disclosure of this information if this had been a Federal rather than a local agency under section 552a(d)(1) of the Federal Privacy Act of December 31, 1974, 88 Stat. 1897, as amended, 5 U.S.C.A. §552a(d)(1). But subsection (k), within that same section, permits agency heads to promulgate rules to exempt from disclosure requirements investigatory material compiled solely for the purpose of determining eligibility for Federal employment: 5 U.S.C.A. §552a(k). Thus, the Federal law recognizes the need for confidential investigatory employment information. Furthermore, a suggestion that we follow Federal legislation by analogy to make available such records indicates

that there is no other existing authority in Pennsylvania for obtaining the information.

Hovis also asserts that the Right to Know Law governs this situation as the letter falls within the definition of a public record which is to be open for examination and inspection: Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §§66.1-66.4. Hovis fails to note, however, that within that very definition of "public record," there is a proviso stating: "That the term 'public records' shall not mean any report, communication, or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties . . ." 65 P.S. §66.1(2). As the letter was a result of a background investigation of Hovis by the commission as part of its official duty of determining eligibility and suitability for employment, disclosure is not mandated under this statute.

Hovis also cites The Borough Code, Article XI(j), §1177, which provides in part: "All recommendations of applicants for appointment received by the commission shall be kept and preserved for a period of five years, and all such records . . . shall be open to public inspection and subject to reasonable regulation." Act of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §46177.

This section refers to public inspection of recommendations of applicants as distinguished from investigation reports. This distinction is important as recommendations are usually solicited by the applicant while the Commission initiated the background investigation. The difference in the nature of these documents leads us to find section 46177 inapplicable to this factual situation.

There does not appear to be any authority permitting the discovery or requiring the disclosure of investigatory information. Given the public policy arguments for according confidentiality for such reports and the specific exemptions of investigation materials, found in both State and Federal statutes, we find that Pryor's letter providing background investigation of Hovis is privileged so as to preclude discovery under Pa.R.C.P. 4011(c).

There remains a question as to whether this privilege was waived when a secretary of the Commission showed Hovis his file which contained Pryor's letter. A communication ceases to be privileged if the privilege is waived by the person benefited by the existence of the privilege: 5A Anderson P. Civ. Prac. §4011.222. Here, the privilege runs between Pryor and the Commission. There are no allegations nor a showing that a secretary in the office of the Commission has any authority to waive the Commission's privilege. Without such authority, the privilege has not been waived by one who has been benefited by the privilege. Determining the privilege to be waived in this manner would run counter to the aforementioned public policy of according confidentiality to the information. Accordingly, absent a showing of authority, the secretary's action will not act to waive the Commission's privilege.

## ORDER

Now, April 17, 1978, the rule to show cause is discharged.